**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gaynell SALTER, Defendant-Appellant.**

**No. 86–2640.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1987.

Decided April 14, 1987.

Hilliard Moldof, Whitelock & Moldof, Ft. Lauderdale, Fla., for defendant-appellant.

Mel Johnson, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., U.S. Attorney's Office, Milwaukee, Wis., for plaintiff-appellee.

Before BAUER, Chief Judge, FLAUM, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

FLAUM, Circuit Judge.

Gaynell Salter pleaded not guilty to three drug-related charges, and moved to suppress evidence seized from her hotel room during a police search. She argued that the police conducted this search in violation of the federal "knock and announce" statute, 18 U.S.C. § 3109 (1982). The district court denied Salter's motion to suppress. Salter subsequently changed her plea to guilty on one of the charges against her, on the conditions that the government drop the other two charges and that she be allowed to appeal the denial of her motion to suppress. We find no statutory violation on the facts of this case, and therefore affirm the judgment of the district court.

I.

At about 2:00 p.m. on January 27, 1986, several officers of the Milwaukee Police Department and Special Agent William Hehr of the Drug Enforcement Agency arrived at a Ramada Inn in Milwaukee, Wisconsin with a search warrant for Room 130. The officers kept Room 130, which

was registered to Gaynell Salter, under surveillance for approximately three hours. During that time, Salter left the room once, to go down the hall for beer and ice, and then returned to her room.

Shortly before 5:00 p.m., Salter received a phone call in her room from a person who identified herself as the hotel clerk, but who was actually a police officer. The caller asked Salter to come to the front desk and sign a paper. Salter opened her door to go to the front desk. The parties disagree about what happened next.

According to the government, Special Agent Hehr and two police detectives had stationed themselves against the wall on either side of the door to Room 130, so that anyone leaving the room would not see them until he or she came out into the hall. Salter opened the door and stepped into the hall, and at that point Special Agent Hehr came forward and placed his foot in the doorway so that the door could not close. The officers stopped Salter, told her they were police officers with a warrant to search the room, and then escorted her back into the room.

According to Salter, as she opened the door she saw several plainclothes officers standing in the hall. Frightened, she froze inside the room. An officer then came forward and placed his foot in the doorway to prevent it from closing. As Salter began to back away, the officer pushed the door open. Salter also testified that the officers did not identify themselves or tell her that they had a search warrant until they had taken her back into the hotel room.

Salter initially pleaded not guilty in federal district court to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and two other drug-related charges. She also filed a motion to suppress the use as evidence of a kilogram of cocaine found in her hotel room. Salter's motion to suppress was based on 18 U.S.C. § 3109, which prohibits federal law enforcement officers from using force to enter a dwelling without prior announcement of their authority and purpose.

After a hearing on Salter's motion to suppress, the district court made two written findings. First, the court found that "[t]he searching officers' announcement of their authority and purpose occurred before their entry into the defendant's hotel room." *United States v. Salter*, No. 86 CR 15 (E.D.Wis. June 20, 1986) (unpublished order). Second, the court found that "[i]n executing the warrant, the searching officers used no force which would violate § 3109." *Id.* The district court therefore denied Salter's motion to suppress the cocaine found in her hotel room. Salter then changed her plea to guilty on the § 841(a)(1) charge, on the conditions that the government drop the other two charges against her and that she be allowed to appeal the denial of her motion. *See* Fed. R.Crim.P. 11(a)(2) (authorizing conditional pleas). Salter was sentenced to three years imprisonment, a special parole term of three years, and a $50.00 fine. This appeal followed.

## II.

Under 18 U.S.C. § 3109, federal officers may break down a door or window when entering a dwelling for which they have a search warrant if, after announcing their authority and purpose, they are refused admittance.[1] On its face, the statute appears to be a grant of authority to law enforcement personnel to use force in the execution of a warrant. In *Miller v. United States*, 357 U.S. 301, 306–07, 78 S.Ct. 1190, 1194–95, 2 L.Ed.2d 1332 (1958), however, the Supreme Court interpreted § 3109 as a codification of common law, which "[f]rom earliest days, ... drastically limited the authority of law officers to break the door of a house to effect an arrest."

---

1. The statute reads:
 **§ 3109. Breaking doors or windows for entry or exit**
 The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.
 18 U.S.C. § 3109 (1982).

*See generally* Blakey, *The Rule of Announcement and Unlawful Entry: Miller v. United States and Ker v. California,* 112 U.Pa.L.Rev. 499, 500–508 (1964) (discussing restrictions on official entries into dwellings under English and early American common law).

Having thus construed § 3109 as a limitation on—rather than an extension of—the authority of federal officers to use force in the execution of a warrant, the Court in *Sabbath v. United States,* 391 U.S. 585, 590, 88 S.Ct. 1755, 1758, 20 L.Ed.2d 828 (1968), extended the restrictions expressed in the statute beyond actual breakings to any "unannounced intrusion." Therefore, read with its judicial gloss, § 3109 prohibits federal officers, when executing search warrants, from "intruding" into a dwelling until they have announced their authority and purpose and have been refused admittance.

 We must determine what constitutes an intrusion within the meaning of § 3109. The *Sabbath* Court held that § 3109 applied where the officers unlatched a closed, unlocked door. *Sabbath,* 391 U.S. at 590, 88 S.Ct. at 1758. However, this court has held that entry through an open door does not implicate § 3109. *United States v. Lopez,* 475 F.2d 537, 541 (7th Cir.), *cert. denied,* 414 U.S. 839, 94 S.Ct. 89, 38 L.Ed.2d 74 (1973); *accord United States v. Remigio,* 767 F.2d 730, 733 (10th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 535, 88 L.Ed.2d 465 (1985) (collecting cases).

 In this case, the testimony of both parties is that after Salter partially opened the door, Agent Hehr placed his foot in the doorway and thereby prevented the door from closing. We must decide whether this means of entry was an intrusion under § 3109 or simply an entry through an open door. We conclude that there was no intrusion within the meaning of § 3109.

The facts in this case are similar to those in *United States v. Syler,* 430 F.2d 68 (7th Cir.1970). In *Syler,* police officers induced the defendant to unlatch and partially open his front door by calling out, "Gas man!" As the defendant began to open the door, the officers completed his action by pushing the door fully open and entering the house. We held that there was no intrusion within the meaning of § 3109. *Id.* at 70. As in *Syler,* the police in this case induced Salter to unlock and partially open her door by means of a ruse. Even if, as Salter says, the officers blocked the doorway and then pushed the door fully open, the degree of force the officers used was no greater than that used in *Syler.* We therefore conclude that there was no force used in this case that would implicate § 3109.

The judgment of the district court is AFFIRMED.