779 P.2d 30

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lester Albert WOODMAN, III, Defendant–Appellant.**

**No. 17425.**

Court of Appeals of Idaho.

Sept. 5, 1989.

Stewart A. Morris, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Lester Woodman pled guilty in the district court for Ada County to grand theft by possession of stolen property and to possession of a controlled substance (methamphetamine). *See* I.C. §§ 18–2403(4), 18–2407; 37–2732. For these offenses, Woodman received concurrent sentences totaling ten years, each with a one-year minimum period of confinement. On appeal, Woodman contends that his sentences were excessive and that the district judge abused his discretion by denying Woodman's mo-

tion for a reduction of sentence under I.C.R. 35. For the reasons explained below, we affirm the sentence imposed by the judgment of conviction and the district court's denial of Woodman's Rule 35 motion.

The essential facts of this case are as follows. In July, 1987, Woodman and two accomplices were arrested for possessing approximately $7000 worth of copper wire which had been stolen from an Ada County construction site. During a search immediately following his arrest, a small amount of methamphetamine was recovered from Woodman's person. Woodman originally pled not guilty to both charges, but later changed his pleas to guilty. For the grand theft charge, the district judge imposed a sentence of ten years, with a one-year minimum period of confinement. The judge also sentenced Woodman to three years, with a one-year minimum period of confinement, for the possession charge. The district judge ordered Woodman's sentences to be served concurrently. This appeal followed. Subsequently, Woodman also filed a motion with the district court to reduce his sentences. After a hearing, the district judge denied Woodman's motion. On appeal, we are thus presented with Woodman's challenges to the sentences imposed in the original judgment of conviction and to the district judge's order denying Woodman relief under Rule 35.

I

■ We turn first to Woodman's claim that his sentences are excessive. Sentencing decisions are within the discretion of the trial court. *See State v. Chacon*, 114 Idaho 789, 760 P.2d 1205 (Ct.App.1988). Upon review of a sentence imposed pursuant to the Unified Sentencing Act, I.C. § 19–2513, our attention is focused primarily upon the minimum period of confinement specified by the sentencing judge. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). In evaluating the reasonableness of such confinement, we continue to apply the substantive criteria articulated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). To the extent that the

minimum period of confinement represents the judicially determined "price" of a crime, we will consider whether the sentence primarily satisfies the goals of retribution and deterrence. *State v. Sanchez, supra.* Insofar as the duration of confinement also establishes a prospective time frame for evaluation of the prisoner's eventual suitability for parole, we secondarily consider the related goals of rehabilitation and protection of society. *Id.* When evaluating an exercise of the district court's sentencing discretion, we conduct an independent review of the record, focusing upon the nature of the offense and the character of the offender. *State v. Chacon, supra.*

■ In the present case Woodman argues that, due to circumstances existing at the time of his sentencing, the district judge should have sentenced him to a term of seventy-five days in jail (the period he had already served before sentencing and for which he would be entitled to credit under I.C. § 18–309) and then should have placed him on probation rather than committing him to prison. Specifically, Woodman points out that he voluntarily pled guilty to the charges against him and cooperated with the prosecutor by testifying for the state during a trial of one of his accomplices. Woodman also contends that he has quit using drugs, has established a steady relationship with his fiancee, and has found full-time employment. He further submits that his prior convictions for burglary were non-violent offenses resulting in little or no economic loss to the victims. Finally, Woodman avers that he has demonstrated genuine remorse for his actions and has established a positive attitude toward his drug rehabilitation.

We find no abuse of discretion in the district judge's sentencing decision. We note that the sentences imposed upon Woodman were within the statutory limits for these offenses. I.C. § 18–2408(2)(a) (maximum sentence for grand theft by possession of stolen property is fourteen years); I.C. § 37–2732(c)(1), 37–2707 (maximum sentence for possession of a Schedule II controlled substance is three years). A

review of the record indicates that the district court took into consideration the fact that Woodman cooperated with the prosecutor's office by testifying against one of his accomplices and that the judge entertained evidence advanced by Woodman regarding the steps he had taken toward rehabilitation. However, as pointed out by the sentencing judge, Woodman is a multiple felony offender who, at the time of his sentencing, was awaiting disposition on an unrelated grand theft charge. The judge noted that, because of his past record, there was no reason to expect Woodman would respond favorably to probation. However, the district judge did impose sentences less severe than the period of confinement recommended by the state, apparently convinced that the sentences imposed would protect society while promoting Woodman's rehabilitation.

Considering the nature of the crimes committed by Woodman, his background, and the goals weighed by the district court, we do not believe the sentences imposed are unreasonable. Because Woodman has failed to show an abuse of discretion in the district court's sentencing decision, the judgment of conviction is affirmed.

## II

■ Next, we address the district court's denial of Woodman's Rule 35 motion. A motion under Rule 35 for reduction of a sentence essentially is a plea for le-niency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Such a motion is directed to the sound discretion of the trial court. *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). On appeal, we will determine whether the entire record, including any facts presented in connection with the motion, shows the court has abused its discretion in failing to grant the leniency requested. *See State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App. 1987). In making this determination, we apply the same criteria used for reviewing the reasonableness of the original sentence.

■ In the instant case, Woodman has presented no reasons—beyond those submitted in connection with the appeal of his sentences—to support his contention that the district judge abused his discretion by not reducing his sentences. Having found that Woodman's sentences are not excessive, we conclude that the district judge did not abuse his discretion by denying Woodman's Rule 35 motion. The order denying that motion is therefore also affirmed.