810 P.2d 1127

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kirk L. CHRISTIANSEN,
Defendant–Appellant.**

No. 17470.

Court of Appeals of Idaho.

July 6, 1990.

Rehearing Denied Dec. 26, 1990.

Petition for Review Denied May 3, 1991.

Stewart A. Morris, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAIL, Judge, Pro Tem.

After the court denied a motion by Kirk A. Christiansen to suppress evidence, Christiansen entered a conditional plea of guilty to the offenses of possession of marijuana in excess of three ounces and possession of cocaine with the intent to deliver. On the cocaine charge he was sentenced to serve a prison term of five years fixed followed by an indeterminate period of ten years for a total sentence of fifteen years. On the marijuana charge he was sentenced to one day fixed followed by an indeterminate period of four years and 364 days. The sentences were concurrent. A subsequent motion to reduce the fifteen-year sentence was denied by the district court. On appeal, Christiansen challenges the denial of his motion to suppress. He also contends the lengths of his sentences are excessive and that the district court erred in refusing to reduce the sentence on the cocaine conviction.[1] We affirm.

The relevant facts will be briefly discussed. Two Twin Falls probation officers discovered that one of their probationers was in possession of cocaine. The probationer was questioned and said that she had purchased the cocaine from Christiansen the previous evening at his residence. She offered to "go in and make a buy" for the probation officers. She was searched and fitted with an electronic surveillance device and given money for the purchase. She was driven to Christiansen's house in a car which had previously been searched. She went into the house and purchased an eighth of an ounce of cocaine from Christiansen. He told her that "this stuff is better" than the cocaine that she bought the night before. She left Christiansen's residence and returned to the police officers who field tested the substance purchased from Christiansen. The substance tested positive for cocaine. The probationer told the officers that there was more cocaine in the residence and that Christiansen had been packaging cocaine at the time of her purchase.

The Twin Falls police officers returned to Christiansen's house and knocked on the door. They identified themselves as police officers. The police officers then attempted to force entry into the house. As they were doing so, Christiansen opened the door and was told by one of the police officers to step outside and that he was under arrest. He complied and was handcuffed. The police then entered the house to see if anyone else was present although they had no specific reason to believe that anyone was in the house or that any evidence was in danger of being destroyed. The police searched each room and found no one. The house was secured and Christiansen was taken to the police station.

At the police station, approximately fifteen minutes after his arrest, Christiansen asked to talk to the investigating officer. He was advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Christiansen said that he understood his rights although

---

**1.** Two separate district judges were involved in Christiansen's case at different times. District Judge Meehl was the sentencing judge. However, Christiansen's subsequent motion to reduce his sentence was determined by District Judge Hart.

he would not execute a written waiver. He then made statements to the police in the hope of making a "deal." He admitted the two sales to the probationer. When asked if he would consent to the search of his residence, he replied: "What difference does it make if I give you a consent to search, you'll probably just get a warrant and you're going to find that cocaine there anyway."

After the interview, a search warrant was obtained for Christiansen's residence. Although the magistrate was informed of the two purchases by the probationer and the field test results, he was not told of anything which the officers observed in their search of the residence at the time of Christiansen's arrest.

Christiansen moved to suppress the evidence obtained pursuant to the search warrant and to suppress his statements. The state conceded that the initial entry into the house and search at the time of the arrest were improper. Although the district judge found that the warrantless search of the house was illegal, the motion to suppress evidence from the search of the house after the warrant was secured was denied. Christiansen entered conditional pleas of guilty preserving his right to challenge the denial of the remainder of his motion to suppress.

The issues before this court are:

1. Did the district court err in denying the motion to suppress the evidence obtained from the execution of the search warrant?

2. Did the district court abuse its discretion in imposing an unduly severe sentence?

3. Did the district court err in denying the motion to reduce the sentence?

**I**

█ In the absence of exigent circumstances, the police may not make a warrantless, nonconsensual entry into a suspect's home in order to make an arrest even if they have probable cause. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). A warrantless arrest of an individual in a public place upon probable cause is not a violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). In this case the state argues that Christiansen was arrested in a public place, the area in front of his house, so that no warrant is required. The state relies upon *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). In *Santana*, the Supreme Court upheld the warrantless arrest of a woman who had been standing in her doorway when the police arrived and then fled into her home where she was arrested. At the time of her arrest, the police had probable cause to believe that she had been selling drugs. The Supreme Court held that the threshold of a person's house is not an area where there is a legitimate expectation of privacy. The Court noted that the defendant was as exposed to public view, speech, hearing, and touch as if she had been standing completely outside her house. She could not defeat the otherwise proper warrantless arrest by fleeing into her house. Under the "hot pursuit" exception to the warrant requirement, the police were justified in following her when she fled and arresting her.

█ In this case, Christiansen came out of his house after being ordered to do so by the police and was then arrested. Prior to opening the door, the police were attempting to force entry into the Christiansen residence. Christiansen argues that a reasonable, prudent person would have believed that he was not free to remain inside the premises at the time he was ordered to come out. Christiansen contends that his arrest was an illegal seizure. He contends that his statements and the evidence seized by the search warrant must be suppressed as fruits of the poisonous tree. Clearly, this case is unlike *Santana* where the defendant was standing at the threshold of her home and attempted to flee when the police arrived. There was no "hot pursuit" here. Christiansen came out of his home in response to police compulsion.

There is a split of authority on whether *Payton* invalidates warrantless arrests which occur when a suspect opens a door in response to a police knock. *E.g. State v. Morse*, 125 N.H. 403, 480 A.2d 183 (1984) (a warrantless arrest of a defendant when he appeared at the doorway of his motel room in response to a police knock was held to be invalid without exigent circumstances); *United States v. Botero*, 589 F.2d 430 (9th Cir.1978) (a warrantless arrest of a suspect who responded to a knock on the door and is standing in his doorway is not improper). This court need not resolve the issue of whether a suspect who opens the door in response to a knock is subject to a warrantless arrest. In this case, Christiansen appeared at the door after the police had knocked and while they were attempting to break the door in. He then came outside in response to a police command. Under these circumstances, it can hardly be said that his presence in an area open to the public was a result of a voluntary decision to leave the privacy of his residence. A reasonable person would have concluded that the police intended to break down the door and arrest the suspect inside if he did not comply with their instructions to come out. He came out as a result of police compulsion. There is no evidence of any exigency which would justify a warrantless arrest. There was no attempt to flee or to destroy evidence. There is no showing that there was insufficient time to obtain an arrest warrant. The warrantless arrest of Christiansen was invalid.

After Christiansen was taken to the jail, he asked to speak to the investigating officer. He was advised of his *Miranda* rights and then made several admissions which were later used to obtain the search warrant. He argues that the statements which he made should be suppressed because he would not have made them without having been illegally arrested in the first place.

■ Where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the use of the defendant's statement made outside of his home, even if it is taken after an invalid warrantless arrest in violation of *Payton*. *New York v.*

*Harris,* —— U.S. ——, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). In *Harris*, the United States Supreme Court held that the exclusionary rule would not bar the use of statements made in custody by a defendant who had been arrested upon probable cause solely because the suspect was arrested in violation of the warrant requirement.

In this case, Christiansen asked to speak to the investigating officer. He was given his *Miranda* rights and acknowledged them. He was not coerced in any way. He specifically asked not to have an attorney present. His statements were voluntary and are not subject to the exclusionary rule solely because he was in police custody because of an arrest which violated *Payton*.

*Harris* is dispositive. The district court did not err in denying Christiansen's motion to suppress.

Christiansen also argues that the investigating officer withheld from the magistrate "significant information" relating to the informant's reliability. Specifically, he notes that the magistrate was unaware that after the controlled purchase had taken place, the probationer was able to hide some cocaine on her person. The cocaine was discovered at the jail later the same evening. He also contends that the magistrate was not informed that the probationer was a drug user.

The fact that all police informants are not altruistically motivated is commonly known. It is not necessary that the informant possess great personal integrity in order to be credible. *State v. Vargovich*, 113 Idaho 354, 743 P.2d 1007 (Ct.App.1987). In this case, the transaction was monitored by the police at the time it was occurring. The police not only had the informant's testimony, but were able to listen to the transaction and verify what was said. Christiansen's own statement, that the cocaine he was selling to the probationer was better than the cocaine he sold her previously, corroborated the probationer's version. His statements at the jail also verified the occurrence of the sale and the existence of more cocaine at the residence. While the probationer's subsequent posses-

sion of cocaine at the jail raises some questions about the thoroughness of the post-purchase search of the probationer and about jail security, it does not undermine the testimony given to the magistrate in support of the application for the warrant. The absence of such information does not make the testimony substantially misleading. No material facts were omitted from the affidavit; thus, suppression was not required. *See United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984).

■ Christiansen also attacks the validity of the search warrant because of the improper entry into his residence at the time of his arrest. It is undisputed that none of the observations of the investigating officer at the time of the illegal entry were conveyed to the magistrate in support of the showing of probable cause. The magistrate's determination was based upon valid, reliable information unrelated to the illegal entry which justified the issuance of a search warrant.

In *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), the Supreme Court held that a police officer's illegal entry upon private premises did not require suppression of evidence subsequently discovered at those premises during the execution of a search warrant obtained on the basis of information wholly unconnected with the illegal entry because there was an independent source for the discovery and seizure of the evidence. Based upon *Segura,* there is no basis for suppressing the evidence obtained by the execution of the search warrant because of the independent source for the evidence supplied to the judge who issued the warrant.

## II

Christiansen also challenges the length of his sentences as an abuse of the sentencing court's discretion. As mentioned, he was sentenced to concurrent sentences for the possession of cocaine with the intent to deliver and the possession of marijuana. He received a minimum five years followed by an indeterminate period of ten years for the possession of cocaine and a concurrent sentence of one day followed by an indeterminate period of four years and 364 days for the possession of marijuana.

■ The crime of possession of cocaine with the intent to deliver carries a maximum penalty of life in prison. I.C. § 37–2732. The possession of marijuana with the intent to deliver carries a maximum sentence of five years imprisonment. I.C. § 37–2732. A sentence within the statutory maximum will not be disturbed on appeal absent a clear showing of abuse of discretion. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982); *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981). There are four objectives of sentencing: the protection of society, deterrence, rehabilitation and punishment for wrongdoing. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). The primary consideration in sentencing is "the good order and protection of society." The objectives of sentencing serve and are subservient to the goal of the protection of society. *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956). Sentences under the Unified Sentencing Act are generally treated as though the confinement will be the minimum period specified in the judgment of conviction. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). In determining if the minimum period of confinement is reasonable, the reviewing court makes an independent examination of the record, considering with due regard the nature of the offense and the character of the offender. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).

■ There are several significant facts in the record which shed light on the character of Christiansen and the risk which his conduct presents to society. Although Christiansen did not have a prior felony record, he had a significant misdemeanor record which would give some cause for concern about his willingness and ability to be law abiding. When the search warrant was executed, the police found nine ounces of cocaine, sixteen ounces of marijuana, $11,900 in cash, drug paraphernalia and other evidence of the sale of controlled

substances. Christiansen admitted to using cocaine on a daily basis for a period of several years, a pattern which the district court characterized as a $100,000 a year habit. The district judge found, and the record supports his finding, that Christiansen was "engaged in a regular activity of selling drugs for profit, namely cocaine." The district judge considered mitigating factors, including Christiansen's lack of a prior felony record and the possibility of treatment. He determined that the need to protect society warranted a prison term. The district judge's analysis of the sentencing criteria was thorough and complete. Christiansen has not established that the sentencing judge abused his discretion in the sentences imposed. The sentences were within the statutory limits and were not improper.

### III

■ Christiansen also challenges the district judge's refusal to grant his motion for reduction of his sentence under Rule 35. A motion for a sentence reduction under Rule 35 is essentially a plea for leniency which may be granted if the sentence imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The motion is addressed to the sound discretion of the sentencing judge. *State v. Woodman*, 116 Idaho 716, 779 P.2d 30 (Ct.App. 1989). The same criteria used in evaluating the original sentence apply to the consideration of the denial of a Rule 35 motion.

■ In this case, nothing has been presented which supports Christiansen's contention that the sentencing judge abused his discretion in denying the Rule 35 motion. Although additional information was presented to the district judge at the Rule 35 hearing, specifically, that Christiansen wished to enter a drug rehabilitation program, the district judge found the evidence insufficient to support a reduction of sentence. The district judge thoroughly reviewed the criteria for sentencing and denied the motion. We cannot say that the denial of the Rule 35 motion was an abuse of discretion.

In conclusion, the judgment of conviction, including the sentences, is affirmed. The order denying the motion to reduce Christiansen's sentence is also affirmed.

WALTERS, C.J., and BURNETT, J., concur.