975 P.2d 785

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffery Allen BENTLEY, Defendant–Appellant.**

**No. 23915.**

Supreme Court of Idaho,
Boise, January 1999 Term.

March 26, 1999.

Alan E. Trimming, Ada County Public Defender; Eric R. Rolfsen, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

SILAK, Justice.

This is an appeal from a denial of a motion to suppress evidence obtained during a search incident to an arrest. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

#### A. Facts

On December 29, 1996, at approximately 10:45 p.m., appellant Jeffrey A. Bentley (Bentley) initiated contact with Officer Wittmuss of the Garden City Police Department and other Garden City police officers when he mistakenly thought they were juveniles rummaging through his car. After discovering his error, Bentley drove to his home. Officer Wittmuss, recognizing Bentley, contacted dispatch and discovered that Bentley had a misdemeanor warrant outstanding. The warrant authorized police to arrest Bentley in a public place but not in his home.

Wittmuss, along with several other officers, then went to Bentley's residence where they knocked on the door and asked Bentley's mother if they could talk with him. Bentley came to the door and Officer Wittmuss asked him to come outside to get his vehicle registration which had been canceled. Officer Wittmuss also asked if Bentley would show him the direction from which the persons rummaging in his vehicle had fled. Officer Wittmuss testified at the preliminary hearing that the only reason he asked Bentley to come outside was so he could execute the arrest in a public place because he knew he could not serve the warrant unless he got Bentley out of the house. Bentley, after reluctantly agreeing to come outside, was arrested pursuant to the outstanding warrant. During a search pursuant to the arrest, methamphetamine was found in Bentley's shirt pocket.

#### B. Procedural Background

On December 30, 1996, Bentley was charged with possession of a controlled substance under section 37–2732(c) of the Idaho Code and possession of drug paraphernalia under section 37–2734(A) of the Idaho Code.

Following a preliminary hearing, Bentley pled not guilty to the charges. Bentley then filed a motion to suppress which was denied. On May 5, 1997, Bentley entered a conditional guilty plea to both counts pursuant to Idaho Criminal Rule 11, reserving the right to appeal the denial of the motion to suppress. On June 11, 1997, Bentley was sentenced to three years imprisonment with one year fixed followed by two indeterminate years. The sentence was suspended and Bentley was placed on probation for three years.

On appeal, Bentley raises the issue whether the district court correctly concluded that Officer Wittmuss' request that Bentley exit his home, and the officer's subsequent arrest of Bentley on a "public place" warrant, complied with Bentley's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

## II.

### ANALYSIS

#### A. Standard Of Review

 In reviewing an order granting or denying a motion to suppress evidence, an appellate court will defer to the trial court's factual findings unless they are clearly erroneous. *State v. Webb,* 130 Idaho 462, 465, 943 P.2d 52, 55 (1997); *State v. McCaughey,* 127 Idaho 669, 671, 904 P.2d 939, 941 (1995). Further, when reviewing on appeal an order denying a motion to suppress, this Court exercises free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Webb,* 130 at 465, 943 P.2d at 55; *McCaughey,* 127 Idaho at 671, 904 P.2d at 941.

#### B. The District Court Correctly Concluded That Bentley's Right To Be Free From Unreasonable Seizures Under The Fourth Amendment To The United States Constitution Was Not Violated By Officer Wittmuss' Luring Of Bentley Into A Public Place Through The Use Of Subterfuge.

Bentley was arrested pursuant to a warrant which authorized his arrest in a "public place." The arrest occurred in Bentley's driveway after police lured him outside by requesting that he show them his car registration. It is not disputed that the driveway of Bentley's home, where the arrest occurred, was a "public place" for purposes of his arrest. *United States v. Santana,* 427 U.S. 38, 42, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *State v. Wren,* 115 Idaho 618, 622, 768 P.2d 1351, 1355 (Ct.App.1989).

Bentley first argues that the police actions in this case violate the rule established by the United States Supreme Court in *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The Supreme Court in *Payton* held that absent exigent circumstances, a warrant is required to make an arrest in a suspect's home. *Payton,* 445 U.S. at 586–87, 100 S.Ct. 1371. Bentley argues that the rule established in *Payton* was violated when Officer Wittmuss employed subterfuge to get him to leave his home. Bentley asserts that his arrest was illegal because he did not leave his home voluntarily due to the deceptiveness of the police.

 Bentley argues that the circumstances of this case are akin to those in *State v. Christiansen,* 119 Idaho 841, 810 P.2d 1127 (Ct.App.1991), where police, after attempting to forcibly enter the defendant's home, ordered him outside. In *Christiansen,* the Court of Appeals held the subsequent arrest invalid because the suspect came outside as a result of police compulsion. Bentley contends that he involuntarily left the refuge of his home because of a show of force which caused him to believe that he must comply with the wishes of police officers in front of his home late at night.

At the suppression hearing, the district court found the following:

> The officer comes to the door, knocks and *asks* if he can talk to the defendant about the registration of his car since it was canceled, talking to his mother, *asked* if the defendant would come out, clear up any problems and speak to them about the car registration. All right. So the defen-

dant was a little bit hesitant, *but he came out in an apparent spirit of cooperation.*

. . . .

The defendant [was] not ordered out at gun point or by command. This is still within the ambit of *voluntary spirit of cooperation.*

Bentley has failed to demonstrate that these findings are erroneous. Thus, the district court's finding that appellant voluntarily left his home is not erroneous.

In *Christiansen,* the suspect appeared at the door after police had knocked and while they were attempting to break down the door. He came outside only in response to a police command. The court concluded that the subsequent arrest was invalid because the suspect came outside as a result of police compulsion. 119 Idaho at 844, 810 P.2d at 1130. In the present case, Bentley came outside because he was .tricked, not because he was compelled. This distinction is significant.

The United States Supreme Court has stated that "[c]riminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer." *Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). It is also noteworthy that the use of trickery and subterfuge by police has been approved in a number of circumstances. *See Frazier v. Cupp,* 394 U.S. 731, 739, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969) (holding that an officer's lie to the defendant that his co-conspirator had confessed was insufficient to make an otherwise voluntary confession inadmissible); *Lewis v. United States,* 385 U.S. 206, 208–10, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966) (finding no violation of defendant's privacy when a policeman lied about his identity in order to gain admittance to defendant's home and purchase illegal drugs); *United States v. Contreras–Ceballos,* 999 F.2d 432, 435 (9th Cir.1993) (holding that where police used deception to induce an occupant to open the door, the knock and announce statute was not implicated); *Leahy v. United States,* 272 F.2d 487 (9th Cir.1960) (upholding the validity of an arrest made after an agent gained admittance to the appellant's premises by stating that he was an agent from the County

Assessor's Office); *United States v. Salter,* 815 F.2d 1150 (7th Cir.1987) (holding police action in inducing defendant to open door by means of a ruse did not constitute intrusion within meaning of knock and announce statute).

More particularly, other courts addressing this issue have approved the use of subterfuge to trick a defendant into leaving his home under circumstances very similar to this case. *See United States v. Vasiliavitchious,* 919 F.Supp. 1113 (N.D.Ill.1996) (upholding validity of arrest where officers, in order to lure the suspect outside, falsely told suspect that someone had broken into his car and directed him to come down to the parking lot to see if anything was missing); *United States v. Rengifo,* 858 F.2d 800, 804 (1st Cir.1988) (upholding the use of a ruse by government agents to get suspects to leave a motel room so that the agents could arrest them); *People v. Witherspoon,* 216 Ill.App.3d 323, 160 Ill.Dec. 76, 576 N.E.2d 1030, 1036 (1991) (holding that the use of deception by activating appellant's car alarm to lure defendant from his home did not violate fundamental fairness); *People v. Moore,* 105 Ill. App.3d 264, 61 Ill.Dec. 147, 434 N.E.2d 300, 303 (1982) (holding that inducing appellant to leave his home by falsely telling him he was not the target of investigation did not violate the *Payton* rule).

This is not a case where the arrest was made as a pretext for the purpose of conducting a general exploratory search for drugs or contraband. The arrest here was made for the purpose set forth in the arrest warrant. The officer did not hide the fact that he was a police officer nor did he hide the fact that he was investigating a crime. He merely disguised the nature of the crime which he was investigating. We thus hold that the district court correctly found that Bentley left the house voluntarily. We further hold that such use of subterfuge does not violate Bentley's rights under the Fourth Amendment to the United States Constitution.

### III.

### CONCLUSION

We hold that the district court correctly concluded that Bentley left his house volun-

tarily and that the police officer's use of subterfuge to lure him into a public place to arrest·him pursuant to a warrant did not violate Bentley's Fourth Amendment right to be free from unreasonable seizures. Accordingly, the district court's denial of the motion to suppress.is affirmed.

Chief Justice TROUT, Justices SCHROEDER, WALTERS and KIDWELL, CONCUR.