**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50578**

| | |
|---|---|
| STATE OF IDAHO, <br><br> Plaintiff-Respondent, <br><br> v. <br><br> BRANDON RONALD QUIBAL, <br><br> Defendant-Appellant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Filed: July 30, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Brandon Ronald Quibal appeals from the district court's denial of his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Law enforcement observed a vehicle leaving an area known for high drug activity. After noticing the vehicle's registration was expired, Officer Torres initiated a traffic stop. Officer Torres approached the vehicle and noticed drug paraphernalia, a "tooter," in plain view in the pocket of the driver's side door. While Officer Torres questioned the driver outside of the vehicle, Quibal moved an iPad to cover the drug paraphernalia. When Officer Torres returned, she questioned Quibal about the missing drug paraphernalia. Quibal admitted he knew what the object was and that he covered it because he did not want the driver to get in trouble. Quibal was arrested for frequenting a place where controlled substances are held for transportation or use. In the search

1

incident to Quibal's arrest, officers found additional drug paraphernalia and narcotics on his person.

Quibal sought to suppress the evidence discovered through the search of his person. The district court found the arrest was lawful based on probable cause for the offense of concealment of evidence and denied the motion. The State entered an amended information changing the frequenting charge to concealment of evidence. Pursuant to a plea agreement, Quibal entered a conditional guilty plea to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2724A(a); and destruction, alteration, or concealment of evidence, I.C. § 18-2603, and reserved his right to appeal the district court's denial of his suppression motion. Quibal appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). We will accept the trial court's findings of fact unless they are clearly erroneous. *State v. Gonzales*, 165 Idaho 667, 671, 450 P.3d 315, 319 (2019).

## III.

## ANALYSIS

Quibal asserts the district court erred by denying his motion to suppress evidence obtained from a warrantless search of his person. Specifically, Quibal argues the district court correctly determined that his arrest for frequenting was unlawful, but erroneously determined that the search of his person was permissible because the officer had probable cause to arrest for concealment of evidence. The State argues the lawful search incident to arrest was properly based on probable cause that Quibal concealed evidence. The State claims a reasonable officer could have arrested Quibal for concealment of evidence and the arrest preceded the search.

2

The Fourth Amendment to the United States Constitution and Article I Section 17 of the Idaho Constitution protect "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." Evidence gathered in violation of the right is generally not permitted as evidence in court proceedings. *State v. Bishop*, 146 Idaho 804, 810-11, 203 P.3d 1203, 1209-10 (2009). The touchstone of the Fourth Amendment is reasonableness. *State v. Blythe*, 166 Idaho 713, 716, 462 P.3d 1177, 1180 (2020). Typically, to be reasonable, a search must be authorized by a valid search warrant. *Bishop*, 146 Idaho at 815, 203 P.3d at 1214. As such, warrantless searches are per se unreasonable unless they fall under an exception to the warrant requirement. *Id.* One such exception is a search incident to arrest, which allows law enforcement to search individuals who have been lawfully arrested. *Id.* at 815-16, 203 P.3d at 1214-15.

An arrest is considered lawful where there is probable cause to believe that a criminal offense has been or is being committed. *State v. Lee*, 162 Idaho 642, 649, 402 P.3d 1095, 1102 (2017). Probable cause for an arrest is not measured by the same level of proof required for conviction. *State v. Chapman*, 146 Idaho 346, 351, 194 P.3d 550, 555 (Ct. App. 2008). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty. *State v. Islas*, 165 Idaho 260, 264, 443 P.3d 274, 278 (Ct. App. 2019). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of arrest warranted a person of reasonable caution to believe that the action taken was appropriate. *State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974); *Islas*, 165 Idaho at 264, 443 P.3d at 278. The facts making up a probable cause determination depend upon the totality of the circumstances, *State v. Finnicum*, 147 Idaho 137, 140, 206 P.3d 501, 504 (Ct. App. 2009), and are viewed from an objective standpoint, *Islas*, 165 Idaho at 264, 443 P.3d at 278. In determining probable cause, the expertise and experience of the officer must be taken into account. *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991). An officer's decision to arrest for a specific crime does not preclude a trial court from holding that an arrest was lawful based on probable cause for a different crime. *State v. Schwarz*, 133 Idaho 463, 468, 988 P.2d 689, 694 (1999).

An officer may only perform a warrantless search incident to a lawful arrest. *Lee*, 162 Idaho at 649, 402 P.3d at 1102. This requires the officer to have probable cause to arrest for some offense, which legitimizes a search under the historical rationales: security concerns or to preserve

evidence. *Id.* Probable cause is a necessary prerequisite to a custodial arrest but does not by itself justify a search. *Blythe*, 166 Idaho at 718, 462 P.3d at 1182. A search must be incident to an actual arrest, not just to probable cause that might have led to an arrest but did not. *Lee*, 162 Idaho at 652, 402 P.3d at 1105. Thus, when an officer indicates she is *not* going to arrest an individual, even if she has probable cause to do so, she cannot proceed to search the individual pursuant to the search incident to arrest exception. *Id.* at 652-53, 402 P.3d at 1105-06.

On appeal, Quibal claims the totality of circumstances show he was not going to be arrested for the concealment of evidence; therefore, there was no justification for the arrest and subsequent search based on that offense. The district court found there was probable cause to believe Quibal committed the offense of concealment of evidence. The district court held the officer lawfully arrested and searched Quibal because there was probable cause when the officer arrested him prior to the search. Quibal argues that, under the totality of the circumstances, there was no intent to arrest him for concealment, he was not arrested for concealment, and the operative facts giving rise to frequenting are not the same as concealment.

The *Lee* and *Blythe* cases upon which Quibal relies dealt with defendants facing a citation but were subject to a pre-arrest search. More relevant is the *Schwarz* case, which dealt with a defendant, like Quibal, who was subject to arrest and subsequent search. Here, the district court properly relied on the search incident to arrest exception because the record shows an arrest was going to occur and did occur prior to the search, and a reasonable officer could have arrested Quibal for concealment of evidence. *See State v. Julian*, 129 Idaho 133, 136-37, 922 P.2d 1059, 1062-63 (1996).

The district court correctly determined there was probable cause that the offense of concealment of evidence had been committed because Quibal admitted to moving the iPad in order to protect the driver in the presence of the officer. The district court stated: "And therefore, even though it was an unstated ground[] for the arrest, there's probable cause for that arrest, an arrest had, in fact, occurred, and therefore this was a lawful search incident to arrest." Unlike *Lee* and *Blythe*, officers were not going to cite Quibal or allow him to leave--he was under arrest. Despite the original basis of the arrest changing from frequenting to concealment, officers had probable cause to believe a criminal offense had been committed preceding the arrest and subsequent search. Officers did not have to recite every conceivable basis for the arrest because an arrest can be justified based on probable cause for a crime different than the crime announced during an arrest.

4

*See Schwarz*, 133 Idaho at 468, 988 P.2d at 694. In addition, an officer's subjective belief regarding the presence or absence of probable cause is not relevant to our inquiry. *Id.*

Even assuming the officers lacked probable cause to arrest Quibal for frequenting, the same operative facts would have led an officer to conclude there was probable cause to arrest Quibal for concealment of evidence.[1] Office Torres observed an item of drug paraphernalia in plain view in the driver's side door compartment. The paraphernalia remained in the driver's side door as the driver exited the vehicle, and the driver placed her iPad between the driver's seat and the center console. Quibal was alone in the car while Officer Torres questioned the driver. When Officer Torres returned to the vehicle the paraphernalia was no longer in the driver's door compartment and the iPad had been moved directly onto the driver's seat. Subsequently, Officer Torres found the paraphernalia under the iPad and Quibal admitted to placing the iPad on top of it because he did not want the driver to get in trouble.

To support his claim that the arrest and probable cause arose from different facts, Quibal relies on *Hernandez v. State*, 132 Idaho 352, 972 P.2d 730 (Ct. App. 1998). In that case, an officer identified himself to Hernandez and told him to stop. Hernandez ignored the officer's command and entered a house. *Id.* at 353, 972 P.2d at 731. After Hernandez exited the house, the officer had him sit on the steps. *Id.* Thereafter, Hernandez asked twice to be allowed to go the bathroom but was denied. *Id.* at 354, 972 P.2d at 732. He then entered the alleyway and urinated. The officers waited for an hour to obtain a warrant and another forty-five minutes elapsed while the house was searched. *Id.* Hernandez was arrested for urinating in public, and a search incident to arrest revealed drugs on his person. *Id.* This Court held that the operative facts giving rise to a charge of obstruction (for failure to obey the initial command to stop) and the public urination were not the same. *Id.* at 357, 972 P.2d at 735.

Unlike *Hernandez*, Quibal's arrest took place during the same thirty-minute traffic stop during which probable cause to arrest for concealment was established. The facts giving rise to the arrest for frequenting, and all the facts giving rise to probable cause for concealment involve Quibal's knowledge of, and actions associated with, drug paraphernalia in the vehicle. Quibal's

---

[1] The crime of concealment of evidence occurs when a person willfully conceals something knowing it is "about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation" and does so with the intent to prevent it from being produced, used, or discovered. Idaho Code § 18-2603.

5

act of hiding of the paraphernalia was relevant to and part of his knowledge of paraphernalia. Consequently, the same operative facts giving rise to frequenting establish probable cause that Quibal concealed evidence (the paraphernalia). Accordingly, the district court did not err in denying Quibal's motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Quibal's motion to suppress. Quibal's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.