IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36351

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

JEFFREY GRIGG,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

2010 Opinion No. 23

Filed: April 1, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jeffrey Grigg appeals from his judgment of conviction entered upon a conditional plea of guilty to possession of a controlled substance. Specifically, Grigg challenges the district court's order denying his motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The following facts were revealed through testimony and were set forth by the district court in denying Grigg's motion to suppress. On a summer evening, Grigg was seated in his parked car at a public park with his windows rolled down, attempting to repair his car cigarette lighter. The sun was out, and Grigg's car was parked in the shade. An officer approached Grigg's vehicle on foot and asked Grigg what he was doing at the park. The officer observed that Grigg had glassy bloodshot eyes, eye tremors, reddening of the conjunctiva, and a white substance around his mouth. After making this observation, the officer asked Grigg to step out

1

of the car. Grigg complied, and the officer questioned Grigg further. During questioning outside of his vehicle, Grigg admitted that he had marijuana in his car. Once another officer arrived at the scene, the original officer searched Grigg's vehicle and discovered drug paraphernalia, methamphetamine, and marijuana. Thereafter, Grigg was arrested for possession of a controlled substance and possession of drug paraphernalia.

Grigg filed a motion to suppress the incriminating statements made and the evidence recovered from his vehicle after he was ordered out of his car. Grigg asserted that his detention was unlawful and that the evidence obtained as a result of the unlawful detention should be suppressed. After a hearing on the motion to suppress, the district court denied the motion. Grigg conditionally pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). He appeals, challenging the district court's denial of his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. Under the Fourth Amendment, an investigative detention is a permissible seizure, if it is based on specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 26 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to create reasonable suspicion for such a "*Terry* stop" is less than that necessary to establish probable cause, *Alabama v. White*, 496 U.S.

2

325, 330 (1990) and *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009), but must be more than a mere hunch or unparticularized suspicion. *Terry*, 392 U.S. at 27. The justification for an investigative detention is evaluated upon the totality of the circumstances then known to the officer. *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223. Further, to meet the constitutional standard of reasonableness, an investigative detention must not only be justified by reasonable suspicion, but must also be reasonably related in scope to the circumstances that justified the stop in the first place. *Id*.

However, not all encounters between the police and citizens involve the seizure of a person. *Terry*, 392 U.S. at 19 n.16; *State v. Jordan*, 122 Idaho 771, 772, 839 P.2d 38, 39 (Ct. App. 1992). Only when an officer, by means of physical force or show of authority, restrains the liberty of a citizen may a court conclude that a seizure has occurred. *State v. Fry*, 122 Idaho 100, 102, 831 P.2d 942, 944 (Ct. App. 1991). A seizure does not occur simply because a police officer approaches an individual on the street or other public place, asks if the individual is willing to answer some questions, or puts forth questions if the individual is willing to listen. *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Florida v. Royer*, 460 U.S. 491, 497 (1983).

In this case, the initial contact between Grigg and the officer did not implicate the Fourth Amendment. The officer permissibly approached Grigg's car to inquire what Grigg was doing at the park. A detention occurred, however, when the officer directed Grigg to exit the vehicle because he was not free to leave.[1] *See Immigration and Naturalization Serv. v. Delgado*, 466 U.S. 210, 215 (1984) (initial consensual encounter between a police officer and a citizen can be transformed into a detention within the meaning of the Fourth Amendment if a reasonable person would believe that he or she was not free to leave).

Upon exiting his vehicle, Grigg complied with the officer's requests and answered the officer's questions. Grigg argues that this detention was unlawful because the officer did not have a reasonable and articulable suspicion that Grigg had committed, or was about to commit, a crime. Specifically, Grigg asserts that having glassy bloodshot eyes, eye tremors, and a white residue near the mouth is not enough to establish reasonable articulable suspicion that an

---

[1]     The officer testified about his encounter with Grigg at a preliminary hearing, but did not testify at the hearing on the motion to suppress. However, a transcript of his testimony was admitted into evidence at the hearing on the motion to suppress and was considered by the district court in making its decision.

3

individual is under the influence of a controlled substance in a public place. The officer testified that, based on his training and experience, glassy bloodshot eyes, eye twitching, and reddening of the conjunctiva are indicators of alcohol or drug use. The officer also testified that, based upon his experience (but not training), the white residue around Grigg's mouth looked "very out of place" and Grigg "could have possibly eaten something in order to hide it."

Our appellate courts have not decided the issue of whether glassy bloodshot eyes, eye tremors, and reddening of the conjunctiva are enough to establish reasonable suspicion of criminal activity. Generally, cases in Idaho that involve bloodshot eyes as evidence of alcohol or drug use are coupled with some other evidence. *See State v. Finnicum*, 147 Idaho 137, 140, 206 P.3d 501, 504 (Ct. App. 2009) (probable cause existed to arrest defendant who smelled strongly of alcohol, slurred her speech, had glassy and bloodshot eyes, and seemed confused); *State v. Johnson*, 137 Idaho 656, 658-60, 51 P.3d 1112, 1114-16 (Ct. App. 2002) (further detention of defendant was reasonable when defendant exhibited extreme nervousness, smelled like alcohol, admitted to drinking alcohol, and had dilated and bloodshot eyes); *State v. Pick*, 124 Idaho 601, 605, 861 P.2d 1266, 1270 (Ct. App. 1993) (reasonable suspicion existed to detain defendant when defendant had bloodshot eyes, admitted to consuming alcohol, and slurred her speech). However, bloodshot eyes alone are not enough to establish reasonable suspicion that a crime is being committed. *See Ferris v. State*, 735 A.2d 491 (Md. 1999); *State v. Thirty Thousand Six Hundred Sixty Dollars and No/100 in U.S. Currency*, 136 S.W.3d 392 (Tex. Ct. App. 2004).

In this case, not only did Grigg have bloodshot eyes, but his eyes were also glassy. In addition, the officer testified that Grigg's glassy bloodshot eyes were coupled with reddening of the conjunctiva of his eyes and eyelid tremors. The officer further testified that, based on his training and experience, such characteristics indicate that a person is under the influence of a controlled substance. Therefore, based on the totality of the circumstances, the officer had a reasonable and articulable suspicion that Grigg was under the influence of drugs.[2] As a result, it was reasonable for the officer to briefly detain Grigg outside of his vehicle in order to investigate further. Grigg's encounter with the officer was a reasonable investigative detention under *Terry* and did not violate the Fourth Amendment. As such, Grigg has failed to show that the district court erred in denying his motion to suppress.

---

[2]     We do not consider the white substance around Grigg's mouth to have been a significant factor justifying the officer's decision to detain Grigg.

## IV.

## CONCLUSION

Based on the totality of the circumstances, we conclude that the officer's detention of Grigg was reasonable under the Fourth Amendment. Reasonable suspicion existed to detain Grigg to investigate the crime of drug use or possession. Therefore, the district court did not err in denying Grigg's motion to suppress. Accordingly, Grigg's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**