## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46825

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 4, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DONALD RAY BRITTON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgments of conviction for possession of a controlled substance, possession of drug paraphernalia, and failure to provide proof of insurance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Donald Ray Britton appeals from his judgments of conviction for possession of a controlled substance, possession of drug paraphernalia, and failure to provide proof of insurance. Britton challenges the district court's order denying his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped Britton for changing lanes without properly signaling. While explaining the purpose of the stop to Britton, the officer observed that Britton had slightly dilated, glassy, bloodshot eyes. The officer also noticed that Britton was fidgeting, with "exaggerated" body movements like someone "tweaking" on drugs. Suspecting that Britton had been driving under the influence of a controlled substance (DUI), the officer asked Britton to exit

1

his vehicle and submit to field sobriety testing. While completing the tests, Britton admitted there was drug paraphernalia in his vehicle and that he had used methamphetamine the previous day. Although Britton's performance on the field sobriety tests did not indicate he was impaired, Britton's vehicle was searched based upon his admission to possessing drug paraphernalia. The search revealed drug paraphernalia along with a plastic baggie containing a substance that tested presumptively positive for methamphetamine.

The State charged Britton with possession of a controlled substance, I.C. § 37-2732(c)(1); possession of drug paraphernalia, I.C. § 37-2734A(1); and failure to provide proof of insurance, I.C. § 49-1232. Britton moved to suppress the evidence discovered in his vehicle along with certain statements he made to officers, arguing that the officer unlawfully extended the traffic stop to conduct a drug investigation.[1] The district court denied Britton's motion. Pursuant to a plea agreement, Britton pled guilty to all three charges, reserving his right to appeal the denial of his motion to suppress. Britton appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Britton argues that the district court erred in denying his motion to suppress because the officer lacked reasonable suspicion to extend the traffic stop to conduct a DUI investigation. The

---

[1] Britton also argued that his rights under *Miranda v. Arizona*, 384 U.S. 436 (1996) were violated and that the officer lacked reasonable suspicion to initiate the traffic stop. Britton does not challenge the district court's resolution of either of these arguments.

State responds that the district court correctly determined that the stop was lawfully extended. We hold that the officer lawfully extended the stop to conduct a DUI investigation.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). An officer's authority to seize an individual as part of a traffic stop ends when the tasks related to the infraction are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *see also Illinois v. Caballes*, 543 U.S. 405, 407 (2005) (holding that "a seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission"). After initiating a traffic stop, officers cannot abandon the stop's original purpose to investigate other criminal activity without reasonable suspicion to do so. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016).

The district court concluded that, under the totality of the circumstances, the officer had reasonable suspicion to extend the traffic stop to conduct a DUI investigation. In support of this conclusion, the district court found that, after making initial contact with Britton, the officer observed that Britton had slightly dilated, glassy, bloodshot eyes and that he was fidgeting, with "exaggerated" body movements like someone "tweaking" on drugs. The district court further found that the officer, based upon his training and experience, recognized these characteristics as indicia of intoxication. Britton argues that the condition of his eyes and nature of his body movements did not give rise to a reasonable suspicion that he was intoxicated. We disagree. We have previously held that, although bloodshot eyes alone are not enough to establish reasonable suspicion, the overall condition of a suspect's eyes can support reasonable suspicion of intoxication. *See State v. Grigg*, 149 Idaho 361, 364, 233 P.3d 1283, 1286 (Ct. App. 2010). In *Grigg*, we held that an officer had reasonable suspicion to transform a consensual encounter into an investigatory detention because Grigg had glassy, bloodshot eyes with reddened conjunctiva

3

and eyelid tremors.[2]  *Id.*  Like the defendant in *Grigg*, Britton's eyes--which were slightly dilated, glassy, and bloodshot--exhibited more than one sign of intoxication.  Unlike *Grigg*, the suspicion arising from the condition of Britton's eyes was bolstered by his "fidgety" and "exaggerated" body movements, which the officer recognized as further indicia of intoxication.

When considered under the totality of the circumstances, the unchallenged facts found by the district court support a reasonable suspicion that Britton was under the influence of an illegal substance at the time of the stop.  Thus, the officer lawfully extended the traffic stop to conduct a DUI investigation.  Britton has failed to show that the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that the officer had reasonable suspicion to extend the traffic stop in this case.  Thus, Britton has failed to show error in the denial of his motion to suppress.  Therefore, Britton's judgments of conviction for possession of a controlled substance, possession of drug paraphernalia, and failure to provide proof of insurance are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

---

[2]  Although the officer in *Grigg* also observed a white substance around Grigg's mouth, the officer did not recognize that to be an indicator of drug use.  *Id.*  Consequently, we did not consider the officer's observation of the white substance to have been a significant factor justifying Grigg's detention.  *Id.* at 364 n.2, 233 P.3d at 1286 n.2.

4