**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48209**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 6, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRANDON ALLAN TORSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Brandon Allan Torson appeals from his judgment of conviction for felony driving under the influence (DUI). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop for an expired registration, an officer learned that Torson lacked a valid driver's license and that his vehicle's insurance was expired. While the officer was preparing traffic citations, a second officer arrived, ordered Torson out of his vehicle, and asked him whether he had taken any medication. Torson responded that he was taking an antibiotic. The second officer informed Torson that his "pupils [were] so small they're almost gone" and that his eyes were "red and watery." Torson said he had been crying because his mother "just died." Later in the conversation, Torson reiterated that he was taking an antibiotic, this time adding that he just

1

had a tooth pulled. The first officer overheard this conversation while preparing the traffic citations.

After completing the citations, the first officer approached Torson but did not hand him the citations. The first officer noticed that Torson's pupils were constricted and asked him several questions, one of which inquired why his pupils were constricted. Torson again stated that he was taking an antibiotic. After being asked whether he was taking medication, Torson admitted he was taking a painkiller. At some point during this interaction, the first officer smelled the odor of alcohol emanating from Torson. The first officer then administered field sobriety tests and breath tests, which indicated Torson was intoxicated. The State subsequently charged Torson with felony DUI.

Torson filed a motion to suppress evidence obtained after the first officer began a DUI investigation, contending that the officer unlawfully extended the traffic stop because he lacked reasonable suspicion for this new investigation. After the district court denied the motion, Torson entered a conditional guilty plea to felony DUI, I.C. §§ 18-8004 and 18-8005(9), reserving the right to appeal the denial of his motion to suppress. Torson appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Torson argues the district court erred in concluding that the first officer had reasonable suspicion to extend the traffic stop for a DUI investigation. The State responds that the district

2

court's conclusion was correct. We affirm and hold that Torson has failed to show the district court erred in denying his motion to suppress.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). An officer's authority to seize an individual as part of a traffic stop ends when the tasks related to the stop are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *see also Illinois v. Caballes*, 543 U.S. 405, 407 (2005) (holding that "a seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission"). After initiating a traffic stop, officers cannot abandon the stop's original purpose to investigate other criminal activity without reasonable suspicion to do so. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the deviation from the initial traffic stop. *See State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court concluded that the first officer had reasonable suspicion to begin a DUI investigation based on: (1) overhearing the second officer ask Torson about his red, watery eyes and constricted pupils; and (2) personally observing Torson's constricted pupils, which in the first officer's training and experience indicated narcotic use. Based on the condition of Torson's eyes, the district court determined that the first officer "was justified in expanding the stop to at least

3

inquire about [Torson's] use of medication."[1] On appeal, Torson contends that red, watery eyes with constricted pupils are insufficient to establish reasonable suspicion of DUI.[2] We disagree.

We have previously held that, although bloodshot eyes alone are not enough to establish reasonable suspicion of intoxication, the overall condition of a suspect's eyes can. *See State v. Grigg*, 149 Idaho 361, 364, 233 P.3d 1283, 1286 (Ct. App. 2010). In *Grigg*, we held that an officer had reasonable suspicion to transform a consensual encounter into an investigatory detention because Grigg had glassy, bloodshot eyes with reddened conjunctiva and eyelid tremors. *Id.* Like the defendant in *Grigg*, Torson's eyes--which were red and watery, with constricted pupils--exhibited more than one sign of intoxication. Torson asserts that the condition of his pupils "could have been attributable to innocent explanations, much like the alleged redness and wateriness could be attributed to [his] grief at the recent death of his mother." A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct. *United States v. Arvizu*, 534 U.S. 266, 277 (2002). In addition, as the State notes, Torson claimed to be taking an antibiotic for a pulled tooth.[3] The first officer, after asking Torson about his pupils,

---

[1] The district court also concluded that Torson's response that he was taking a painkiller "justified [the first officer's] next question about whether [Torson] felt the effects of the [painkiller]," and that, based on Torson's constricted pupils, his "admission to narcotic use and the odor of alcohol," the first officer was justified in conducting field sobriety tests.

[2] The district court found that the first officer noted Torson was nervous during the traffic stop, but nervousness did not factor into the district court's legal analysis. Torson notes that we have previously held that a suspect's nervousness is of "limited significance" in establishing reasonable suspicion. *See State v. Neal*, 159 Idaho 919, 924, 367 P.3d 1231, 1236 (Ct. App. 2016). Torson argues his nervousness exhibited during the traffic stop is of "even less value in establishing reasonable suspicion" than it was in *Neal* because there are "less articulable signs of nervousness" in Torson's case. Because we conclude that the other factors suffice to establish reasonable suspicion, we need not determine whether the indicators of Torson's nervousness warrant less weight than that given to the suspect's nervousness in *Neal*. Any weight afforded Torson's nervousness, even if reduced, supports a finding of reasonable suspicion considering the totality of other facts supporting this finding.

[3] In reply, Torson asserts that the district court "did not find that [the first officer] also heard the comment about [Torson] taking antibiotics" and that "there is no evidence that [the first officer] actually heard that statement." We disagree. Immediately after relating that Torson "stated he was on antibiotics for a pulled tooth," the district court found that the first officer "overheard this exchange between [the second officer and Torson] while he was completing the citations." Read in context, "this exchange" refers to the entire conversation between the second officer and Torson.

remarked that he did not know of any antibiotics that would cause constricted pupils. Torson's comment regarding a recently extracted tooth, for which painkillers are commonly prescribed, gave added reason for the first officer to suspect that Torson was under the influence.

In his reply brief, Torson asserts that the second officer's comments regarding Torson's eyes should be afforded less weight because the first officer did not notice these conditions during the initial part of the encounter. Torson also asserts that, because "it was bright and sunny out when" the second officer made his observation, "less suspicion attaches to the fact that [Torson] had constricted pupils." Torson, however, did not raise these arguments before the district court or in his opening brief on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In addition, we ordinarily do not consider arguments raised for the first time in a reply brief. *State v. Hawkins*, 159 Idaho 507, 517, 363 P.3d 348, 358 (2015). Consequently, we will not consider the new arguments Torson raises in his reply brief.

When considered under the totality of the circumstances, the facts found by the district court support a reasonable suspicion that Torson had been under the influence of an illegal substance while driving. Thus, the first officer lawfully extended the traffic stop to conduct a DUI investigation. Torson has failed to show that the district court erred in denying his motion to suppress.

**IV.**

**CONCLUSION**

The district court correctly concluded that the first officer had reasonable suspicion to extend the traffic stop to begin a DUI investigation. Thus, Torson has failed to show error in the denial of his motion to suppress. Accordingly, Torson's judgment of conviction for felony DUI is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

---

In addition, the first officer testified at the suppression hearing that he "hear[d] the discussion between" the second officer and Torson, providing substantial evidence for the district court's finding, which Torson has not challenged. Consequently, Torson has failed to show error. *See Atkinson*, 128 Idaho at 561, 916 P.2d at 1286 (observing that trial court's findings of fact will not be overturned on appeal if supported by substantial evidence).