# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49268

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 16, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ADAM DAVID CONNERY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge. James Combo, Magistrate.

Decision of the district court, on intermediate appeal reversing the magistrate court's order granting defendant's motion to suppress, <u>affirmed</u>; and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant. Jenny C. Swinford argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued,

_____

HUSKEY, Judge

Adam David Connery appeals from the decision of the district court, on intermediate appeal from the magistrate court, reversing the magistrate court's order granting his motion to suppress. Connery asserts the district court erred by reversing the magistrate court. For the reasons set forth below, we affirm the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol in downtown Coeur d'Alene around 1:00 a.m. on Sunday, November 1, 2020, Sergeant Klitch saw the driver of a truck accelerate too quickly and momentarily lose control just as people finished crossing the street in front of the truck. Sgt. Klitch observed that the truck

1

did not have mud flaps or fender flares and had a modified exhaust in violation of Idaho Code § 49-937. Based on these observations, Sgt. Klitch stopped the truck. Sgt. Klitch contacted Connery, the driver, at the front passenger door because the driver's side window did not work. Sgt. Klitch asked for Connery's identification, which Connery provided and it indicated Connery was nineteen years old. Sgt. Klitch noticed that Connery had glassy, bloodshot eyes and his movements were slow. Sgt. Klitch asked Connery to get out of the truck so that he could point out the equipment violations, talk to Connery about his poor and careless driving, and because Sgt. Klitch felt standing next to a "lifted" truck like Connery's presented safety issues. At Sgt. Klitch's request, Connery got out of his truck. Sgt. Klitch again noticed that Connery's speech and movements were slow.

Sgt. Klitch testified that when Connery got to the rear of the truck, Sgt. Klitch discussed Connery's traffic and equipment violations and asked Connery about consuming alcohol, which Connery denied. Sgt. Klitch conducted a brief, modified Horizontal Gaze Nystagmus test (HGN) and noticed a lack of smooth pursuit, which indicated to Sgt. Klitch that Connery had consumed alcohol or used some sort of central nervous system depressant. Sgt. Klitch again asked Connery about consuming alcohol, and Connery admitted to drinking an alcoholic beverage. Sgt. Klitch then asked Connery about his "health and medications and contacts, glasses [or] head injuries" to rule out other possible explanations for Connery's lack of smooth pursuit. Sgt. Klitch had Connery complete three field sobriety tests (FSTs): an HGN, a walk-and-turn test, and a one-leg stand test. Connery scored four out of six clues on the HGN, zero clues on the walk-and-turn, and zero clues on the one-leg stand. The number of clues correspond to an individual's level of impairment; more clues indicate more impairment. Sgt. Klitch arrested Connery for driving under the influence under the age of twenty-one (under 21 DUI) and administered a breathalyzer test--the results were 0.05 and 0.05. Sgt. Klitch cited Connery for under 21 DUI, I.C. § 18-8004(1)(d).

Connery moved to suppress the evidence, arguing Sgt. Klitch did not have reasonable suspicion for the stop and that he twice unlawfully prolonged the stop: first, when he began a DUI investigation without reasonable suspicion; and second, when he detained Connery for a breathalyzer test without probable cause or reasonable suspicion. The magistrate court concluded Sgt. Klitch had reasonable suspicion that Connery had violated I.C. § 49-937 and I.C. § 49-949 based on his modified muffler and failure to equip the rear wheels of the truck with wheel fenders or covers and, therefore, the initial stop was justified. Considering whether Sgt. Klitch had

2

reasonable suspicion that Connery was operating his truck in violation of I.C. § 18-8004, the magistrate court found that although the totality of the circumstances could be indicative of someone driving under the influence, each factor also had an alternate, innocent explanation and, therefore, even in the aggregate, the circumstances did not give rise to a reasonable suspicion of any criminal activity.[1]  The magistrate court concluded that Sgt. Klitch did not have reasonable suspicion that Connery was driving under the influence sufficient to conduct the field sobriety tests.  Accordingly, the magistrate court granted Connery's motion to suppress.

The State appealed to the district court.  The district court concluded Sgt. Klitch had reasonable suspicion to conduct field sobriety and breathalyzer tests on Connery.  The district court found the magistrate court failed to consider that Connery admitted consuming alcohol before the HGN and that by the time Sgt. Klitch administered the HGN, he had already noticed a lack of smooth eye pursuit.  The district court also concluded the magistrate court erred in failing to consider the low level of blood alcohol concentration required for an under 21 DUI in its totality of the circumstances analysis.  As a result, the district court reversed the magistrate court's decision granting Connery's motion to suppress.  Connery timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court.  *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).  Thus, we review the magistrate court's findings and conclusions, whether

---

[1]     The magistrate court provided multiple alternative, innocent explanations for Connery's suspicious behavior.  As the alternate explanations have no factual basis in the record, they carry no weight on appeal and are not relevant to this Court's analysis. Moreover, as the Idaho Supreme Court recently explained, "if the mere possibility of an innocent explanation were all that is necessary to undermine an otherwise valid investigatory detention based on reasonable suspicion of criminal behavior, it would severely limit the ability of law enforcement officers to prevent crime and ensure public safety."  *State v. Bonner*, 167 Idaho 88, 95, 467 P.3d 452, 459 (2020).  Thus, we decline to consider the alternate explanations in determining whether Sgt. Klitch had reasonable suspicion to investigate Connery for under 21 DUI.

the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court. "[S]ubstantial and competent evidence exists if there is evidence in the record that a reasonable trier of fact could accept and rely upon in making the factual finding challenged on appeal." *State v. Ish*, 166 Idaho 492, 509, 461 P.3d 774, 791 (2020).

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). The trial court's determination of reasonable suspicion, however, is reviewed de novo. *State v. Bonner*, 167 Idaho 88, 93, 467 P.3d 452, 457 (2020).

## III.

## ANALYSIS

Connery asserts the district court erred when it reversed the magistrate court's decision granting his motion to suppress. First, Connery argues the district court erred by misperceiving the chain of events that led to the DUI investigation. Second, Connery argues the district court erred by reweighing the facts, including its newly found timeline of events, to conclude Sgt. Klitch had reasonable suspicion to begin the DUI investigation. In response, the State asserts application of the correct legal standard demonstrates Sgt. Klitch had reasonable suspicion to investigate underage DUI.

We first address Connery's argument that the district court misperceived the chain of events of the investigatory stop. Connery argues that the district court's legal conclusion relied upon its finding that Connery admitted to consuming alcohol *before* Sgt. Klitch administered the FSTs but Connery admitted to consuming alcohol *after* Sgt. Klitch administered the initial, modified HGN. This Court is not convinced the district court misperceived the chain of events but regardless, this Court looks to the factual findings and legal conclusions of the magistrate court, not the district court, to determine whether there was reasonable suspicion for Sgt. Klitch to investigate Connery for under 21 DUI. Thus, whether the district court misperceived the chain of events does not affect this Court's analysis or conclusion.

Next, Connery asserts Sgt. Klitch abandoned the original purpose of the traffic stop when he asked Connery to exit the truck and conducted the modified HGN and did not have reasonable suspicion of under 21 DUI when he did so. The State asserts Sgt. Klitch did not abandon the

purpose of the traffic stop when he administered the modified HGN because checking Connery's eyes was related to whether Connery was safe to drive the vehicle. Additionally, the State contends that even if administering the modified HGN constituted an abandonment of the initial investigation, doing so was supported by reasonable suspicion.

In the context of traffic stops, authority for the seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *State v. Linze*, 161 Idaho 605, 608, 389 P.3d 150, 153 (2016). During the course of a traffic stop, an officer may develop reasonable suspicion of other criminal activity, and based on this new reasonable suspicion, the officer may lawfully investigate that activity. *Linze*, 161 Idaho at 609, 389 P.3d at 154; *State v. Renteria*, 163 Idaho 545, 550, 415 P.3d 954, 959 (Ct. App. 2018). For example, an officer may conduct field sobriety tests during a lawful traffic stop if the officer has reasonable suspicion that a person is driving while under the influence. *Ferreira*, 133 Idaho at 479-81, 988 P.2d at 705-07; *State v. Buell*, 145 Idaho 54, 56, 175 P.3d 216, 218 (Ct. App. 2008).

In order to determine whether Sgt. Klitch had reasonable suspicion that Connery was committing under 21 DUI, we must address the parties' arguments regarding the quantum or type of evidence that would give rise to a reasonable suspicion that Connery had been, was, or was about to engage in under 21 DUI. In his appellate briefing, Connery contends the reasonable suspicion inquiry for under 21 DUI "must examine whether the driver was impaired by alcohol" and, thus, the evidence necessary to support reasonable suspicion for under 21 DUI is the same quantum and type of evidence necessary to support a reasonable suspicion that a driver twenty-one or older is under the influence or has a blood alcohol concentration (BAC) of 0.08 or more. However, at oral argument, Connery's counsel acknowledged that the quantum or type of evidence giving rise to a reasonable suspicion of under 21 DUI would be something less than the evidence required for reasonable suspicion that a person twenty-one or older was driving with a BAC of 0.08 or higher.

Both in its briefing and at oral argument, the State asserts that the type of evidence necessary to reasonably suspect a person twenty-one or older is driving under the influence is different than the evidence required to reasonably suspect someone younger than twenty-one is driving under the influence. This is so, argues the State, because I.C. § 18-8004(1)(d) does not require a driver under the age of twenty-one to be either impaired or under the influence; instead,

the statute requires only that the driver's BAC is greater than 0.02. Thus, the State argues that the magistrate court erred in requiring evidence of physical manifestations of impairment or intoxication to support a reasonable suspicion of an under 21 DUI.[2]

Idaho Code § 18-8004 sets forth the elements of DUI. In relevant part, I.C. § 18-8004(1)(a) provides:

> It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08 . . . to drive or be in actual physical control of a motor vehicle.

In contrast, I.C. § 18-8004(1)(d) provides in relevant part: "It is unlawful for any person under the age of twenty-one (21) years who has an alcohol concentration of at least 0.02 but less than 0.08, as defined in subsection (4) of this section, to drive or be in actual physical control of a motor vehicle." A plain reading of the statute demonstrates that a driver under the age of twenty-one may be in violation of I.C. § 18-8004(1)(d) even if the driver is not impaired or under the influence. Because the statute does not require either impairment or intoxication for drivers under twenty-one, those drivers may not exhibit the traditional physical manifestations of intoxication or impairment that are often present in other DUI cases and the absence of physical manifestations provides limited information in determining whether an officer may reasonably suspect a person under the age of twenty-one is in violation of the statute. Moreover, the absence of physical manifestations would not necessarily negate an officer's otherwise reasonable suspicion a driver is committing an under 21 DUI.

Despite the fact that I.C. § 18-8004(1)(d) does not require any physical manifestations of impairment for purposes of establishing the elements of under 21 DUI, the magistrate court relied, at least in part, on the fact that Connery did not display the typical manifestations of impairment such that Sgt. Klitch could reasonably suspect Connery of under 21 DUI:

> There was no indication of where the Defendant had been coming from or where he was going and no odor of alcohol on his breath, no admission of drinking or having taken any drugs or medications, no empty cans of alcohol located in the vehicle, no fumbling for documents, no inability to follow directions, no divided attention, no confusion, no swaying, staggering or inability to maintain balance, and no unsteadiness at all.

---

[2] The district court found "the low level of alcohol in that under-age DUI crime must at least be part of the 'totality of the circumstances' analysis. It was not. That failure was error."

While the magistrate court recognized that under 21 DUI requires only a BAC in excess of .02, its conclusion that Sgt. Klitch did not have reasonable suspicion to investigate the under 21 DUI relied heavily on the absence of typical manifestations of impairment or intoxication. This suggests that the magistrate court applied the legal standard set forth in I.C. § 18-8004(1)(a), which is the incorrect legal standard. The correct standard is whether, in light of all the circumstances, Sgt. Klitch had reasonable suspicion that Connery was driving with a BAC greater than .02, not whether Connery was intoxicated or impaired. The totality of the circumstances demonstrate that Sgt. Klitch had reasonable suspicion that Connery may be driving with a BAC greater than 0.02, which justified administering the modified HGN.

In this case, we agree with Connery that he was seized at the time Sgt. Klitch asked Connery to step out of the vehicle and administered the modified HGN. However, when Sgt. Klitch did so, he had reasonable suspicion that Connery was committing an under 21 DUI. Sgt. Klitch testified about the objective factors that he considered prior to administering the modified HGN: it was 1:00 a.m. on a Sunday morning in downtown Coeur d'Alene, near a large number of drinking establishments; Connery exercised poor judgment in his driving decision to accelerate rapidly; Connery had glassy and bloodshot eyes and slightly slow movements; and Connery was under twenty-one years of age.[3] Sgt. Klitch also testified that he was patrolling that particular area because "the probability of impaired drivers increases" given the time, day of the week, and location. Finally, Sgt. Klitch testified that he also considered, based on his training and experience, that a driver could consume very little alcohol and not be intoxicated but still be above the 0.02 BAC level.

First, officers are not required to ignore the suspicious nature of relevant surrounding circumstances, such as location or time. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (holding police may consider location when determining if reasonable suspicion exists). Second, blood shot and glassy eyes, while standing alone are insufficient to establish reasonable suspicion

---

[3] The parties do not dispute the magistrate court's finding that Sgt. Klitch had reasonable suspicion for the initial stop. However, the parties disagree about the bases for the stop. Connery contends the initial stop was justified to investigate equipment violations only. The State asserts the stop was justified to investigate inattentive driving as well as the equipment violations. Because we conclude Sgt. Klitch developed reasonable suspicion of under 21 DUI as he was speaking with Connery about the equipment violations, we need not address whether the initial stop was justified to investigate inattentive driving.

for a person twenty-one or older DUI, were certainly factors Sgt. Klitch could consider, particularly when combined with other factors. *See State v. Grigg*, 149 Idaho 361, 363, 233 P.3d 1283, 1285 (Ct. App. 2010) (holding glassy, bloodshot eyes coupled with reddening of eye conjunctiva and eyelid tremors gave rise to reasonable suspicion that individual was under the influence); *see also State v. Perez-Jungo*, 156 Idaho 609, 616 329 P.3d 391, 398 (2014) (holding while bloodshot and glassy eyes is not alone sufficient to establish reasonable suspicion of DUI, it supports suspicion of intoxication). Third, as Connery acknowledges, Connery's age--19 years old--was another factor Sgt. Klitch could consider. Fourth, the lack of physical manifestations of intoxication or impairment does little to inform an officer whether an individual under the age of twenty-one is driving with a BAC greater than 0.02. Finally, the parties agree that the quantum evidence needed to establish reasonable suspicion of an under 21 DUI is less than the quantum of evidence needed to establish a person twenty-one or older DUI. In light of the above, the totality of circumstances demonstrates that Sgt. Klitch developed reasonable suspicion of the under 21 DUI while conducting the traffic stop. Consequently, administering the modified HGN did not unreasonably prolong the traffic stop.

Similarly, the results of the modified HGN, when aggregated with the other circumstances, including Connery's admission that he had consumed alcohol, gave rise to at least reasonable suspicion, if not probable cause, that Connery committed under 21 DUI. Sgt. Klitch could then administer the FSTs to confirm or dispel his suspicion without unreasonably prolonging the initial traffic stop. Accordingly, the stop was not unlawfully prolonged either when Sgt. Klitch administered the modified HGN or when he conducted the additional FSTs and breathalyzer test.

The magistrate court erred when it found Sgt. Klitch did not have reasonable suspicion to investigate Connery for under 21 DUI. As a result, the district court's decision reversing the magistrate court's order granting Connery's motion to suppress is affirmed.

## IV.

## CONCLUSION

The magistrate court erred in finding that Sgt. Klitch did not have reasonable suspicion to investigate the under 21 DUI. Accordingly, we affirm the decision of the district court reversing the magistrate court's order granting Connery's motion to suppress, and the case is remanded for proceedings consistent with this opinion.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

8